**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**CRISTIN LONG**                                        **CASE NO.:**
          **Plaintiff,**

**v.**

**PREMIER LINEN SERVICES, INC.**
          **Defendant.**
_____/

## COMPLAINT

Plaintiff, CRISTIN LONG, sues Defendant, PREMIER LINEN SERVICES, INC., and states the following:

## JURISDICTIONAL ALLEGATIONS

1. This is an action for damages.

2. This Court has proper jurisdiction because this is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended ("FLSA"). This Court has original jurisdiction.

3. Defendant, PREMIER LINEN SERVICES, INC. ("Defendant"), is a domestic corporation with its principal place of business in Collier County, Florida.

4. At all times relevant hereto, Plaintiff, CRISTIN LONG ("Plaintiff"), lived in Florida and was an employee of Defendant.

## <u>GENERAL ALLEGATIONS</u>

5. In or about January 2022, Defendant and Plaintiff entered into a valid employment contract for Plaintiff to be Defendant's Sales Manager ("Contract").

6. The Contract obligated Defendant to pay Plaintiff a commission, in addition to a prescribed base salary of $75,000 per year, as additional wages; specifically, the Contract entitled Plaintiff to be paid commissions for any new hotel customer[1] that was exclusively procured by Plaintiff, that had not previously been serviced by Defendant, that was not already in talks with other members, employees, or agents of Defendant for the purposes of starting a formal business relationship with Defendant, that had signed a new service agreement or contract with Defendant, and that was still an active account[2] with Defendant during the period in which Plaintiff's commission was due. Additionally, the commission was to be calculated by a factor of 1 times the average week of billing of Defendant's invoice[3] to the new hotel customer, using the first 6 weeks of invoices and starting from the initial service date. Moreover, the commissions earned by Plaintiff for each new hotel customer

---

[1] Defendant engages in linen cleaning services. It utilized Plaintiff to procure new customers in the hotel industry.

[2] An active account is a new hotel customer who, in addition to the requirements prescribed in Paragraph 7 herein, had paid all of the invoices provided by Defendant in the quarters in which Plaintiff has earned commissions for said hotel customer.

[3] Defendant's invoice means the total bill Defendant charged the new hotel customer.

were to be paid out in 4 consecutive quarterly payments[4], the first of which would be paid in the quarter immediately succeeding the quarter in which the sixth weekly invoice was provided by Defendant to said new hotel customer.

7. In addition to a prescribed salary and commission, the Contract obligated Defendant to reimburse Plaintiff for all reasonable expenses, in accordance with Defendant's lawful policies as in effect from time to time, including, but not limited to, any previously agreed upon travel and entertainment expenses incurred by the Plaintiff in connection with the business of Defendant. Said reimbursable expenses were to be paid by Defendant within a reasonable time after Plaintiff's submission of supporting expense documentation.

8. On April 2, 2022, Defendant's CEO, Jason Mitchell ("Mr. Mitchell"), confirmed the existence of the commission agreement via a text to Plaintiff, stating: "We're going forward with the one to one commission schedule on hotels."

9. On April 2, 2022, Defendant sent Plaintiff a written agreement with differing commission and expense reimbursement provisions than those the parties agreed upon in January 2022 in an attempt to retroactively change the commission and expense reimbursement structures after some of the commission and reimbursable

---

[4] The parties herein agreed to the following quarters: Quarter 1 (January 1st – March 31st), Quarter 2 (April 1st – June 30th), Quarter 3 (July 1st – September 30th), and Quarter 4 (October 1st – December 31st).

expenses had been earned by Plaintiff as a means to avoid payment on previous commissions earned.

10. Between about January 1, 2022, to December 31, 2022, Plaintiff earned a total of $82,652.76 in unpaid commissions in accordance with the Contract's commission provision.

11. Between about January 1, 2022, to December 31, 2022, Plaintiff incurred a total of $3,792.50 in unreimbursed expenses in accordance with the Contract's expense reimbursement provision.

12. Plaintiff has requested payment of the unpaid commissions and unreimbursed expenses prescribed herein, but, as of the filing date of this complaint, Defendant has failed and/or refused to pay any of the requested unpaid commissions or unreimbursed expenses.

13. Defendant has wrongfully attempted to retroactively change the commission structure after the commission has been earned as a means to avoid payment.

14. During the week of January 30th, 2023, Plaintiff provided services for Defendant, and, as per the Contract, earned $1,400.00 in wages, or salary, for said week. However, Defendant did not pay Plaintiff said wages on the agreed upon payment date.

15. As of the filing date, Plaintiff has requested the unpaid wages of $1,400.00, but Defendant has failed and/or refused to pay Plaintiff said wages.

## COUNT I
## Unpaid Wages – FLSA

16. Plaintiff realleges Paragraphs 1 through 15 as if fully alleged herein.

17. Defendant is an employer as defined by the FLSA and is subject to the provisions thereto.

18. At all times relevant, Defendant was an enterprise defined by the FLSA and was engaged in interstate commerce.

19. Plaintiff is an employee as defined by the FLSA and is entitled to the rights given thereunder.

20. Plaintiff worked compensable time for which she was paid no compensation.

21. Plaintiff is entitled to payment for her time worked under the FLSA is entitled to be paid at minimum wage for her hours worked.

22. Plaintiff has retained counsel and has agreed to pay a reasonable attorney's fee, and Plaintiff is entitled to fees pursuant to the FLSA.

23. Defendant failed to act in good faith in denying Plaintiff pay as required by law. Plaintiff is therefore entitled to liquidated damages pursuant to the FLSA.

24. Defendant's actions were a knowing and willful violation of the FLSA.

25. Plaintiff demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff prays this Court award unpaid wages, liquidated damages, attorneys' fees, cost, pre-judgment and-post-judgment interest, and any such other relief as this Court deems proper.

<u>**COUNT II**</u>
<u>**Breach of Oral Contract – Florida State Law & Chapter 448**</u>

26.  Plaintiff realleges Paragraphs 1 through 15 as if fully alleged herein.

27.  This action is brought pursuant to Florida state law and Chapter 448.

28.  Plaintiff and Defendant entered into a valid, expressed, oral contract, which became effective in January 2022.

29.  The contract has not been validly modified, cancelled, overwritten, or declared void.

30.  Plaintiff is an employee of Defendant who adhered to terms of her employment as set out in the memorialized document.

31.  Under the oral contract, Defendant agreed (A) pay Plaintiff commissions in the amount of 1 times the average week of billing of Defendant's invoice to the new hotel customer, using the first 6 weeks of invoices and starting from the initial service date and (B) reimburse Plaintiff for all reasonable expenses, in accordance with Defendant's lawful policies as in effect from time to time, including, but not limited to, any previously agreed upon travel and entertainment expenses incurred by the Plaintiff in connection with the business of Defendant.

32.  Plaintiff has earned commission and reimbursable expenses pursuant to the contract, and Defendant has failed and/or refused to make payments of the earned unpaid commission or unreimbursed expenses to Plaintiff to date.

33.  Plaintiff has made several attempts to remedy Defendant's failure and/or

refusal to pay the earned unpaid commission or unreimbursed expenses.

34. Plaintiff's unpaid commissions are considered unpaid wages according to Florida law.

35. Defendant has wrongfully attempted to retroactively change the commission structure after the commission has been earned as a means to avoid payment.

36. Because Defendant has failed and/or refused to make payments of earned unpaid commission or unreimbursed expenses to Plaintiff, Defendant has breached the contract.

37. Plaintiff has suffered damages caused by Defendant's breach of the contract.

38. Plaintiff is also owed a reasonable attorney's fee under Florida Statute 448.08, as her unpaid commissions are considered wages.

39. Plaintiff demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff prays this Court award unpaid commissions, reimbursable expenses, attorneys' fees, cost, pre-judgment and-post-judgment interest, and any such other relief as this Court deems proper.

## COUNT III
## Quantum Meruit

40. Plaintiff realleges Paragraphs 1 through 15 as if fully alleged herein.

41. Defendant and Plaintiff agreed that Plaintiff would work for Defendants.

42. Defendant agreed (A) pay Plaintiff commissions in the amount of 1 times the average week of billing of Defendant's invoice to the new hotel customer, using the

first 6 weeks of invoices and starting from the initial service date and (B) reimburse Plaintiff for all reasonable expenses, in accordance with Defendant's lawful policies as in effect from time to time, including, but not limited to, any previously agreed upon travel and entertainment expenses incurred by the Plaintiff in connection with the business of Defendant.

43. Defendant was aware that Plaintiff expected to be paid according to their agreement.

44. Plaintiff has earned commission and reimbursable expenses according to the agreement, and Defendant has failed and/or refused to make payments of the earned unpaid commission or unreimbursed expenses to Plaintiff to date.

45. Defendants was unjustly enriched, as Defendants received services from Plaintiff, in accordance to the agreement, and Defendant has not properly compensated Plaintiff.

46. Plaintiff's unpaid commissions are considered unpaid wages according to Florida law.

47. Defendant has wrongfully attempted to retroactively change the commission structure after the commission has been earned as a means to avoid payment.

48. Plaintiff demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff prays this Court award unpaid commissions, reimbursable expenses, attorneys' fees, cost, pre-judgment and-post-judgment interest, and any such other relief as this Court deems proper.

## COUNT IV
## Unjust Enrichment

49. Plaintiff realleges Paragraphs 1 through 15 as if fully alleged herein.

50. Plaintiff has no adequate remedy under the Florida State law.

51. Plaintiff conferred a benefit upon the Defendants and Defendants appreciated the benefit (i.e., an "enrichment"), as Defendant received services from Plaintiff without properly compensating Plaintiff, and, as such, under circumstances, it is inequitable for Defendants to do so without paying the value of benefit to Plaintiff.

52. Plaintiff has earned commission and reimbursable expenses for her services provided to Defendant, and Defendant has failed and/or refused to make payments of the earned unpaid commission or unreimbursed expenses to Plaintiff to date.

53. Plaintiff's unpaid commissions are considered unpaid wages according to Florida law.

54. Defendant has wrongfully attempted to retroactively change the commission structure after the commission has been earned as a means to avoid payment.

55. Plaintiff demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff prays this Court award unpaid commissions, reimbursable expenses, attorneys' fees, cost, pre-judgment and-post-judgment interest, and any such other relief as this Court deems proper.

## COUNT V
## Account Stated

56. Plaintiff realleges Paragraphs 1 through 15 as if fully alleged herein.

57. Plaintiff repeatedly sent statements to Defendant apprizing Defendant of money owed. Defendant did not object to Plaintiff's calculations and instead refused to pay.

58. Plaintiff is owed damages as a result of Defendant's refusal to pay account.

59. Plaintiff is also owed a reasonable attorney's fee under Florida Statute 448.08, as her unpaid commissions are considered wages.

60. Plaintiff demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff prays this Court award unpaid commissions, reimbursable expenses, attorneys' fees, cost, pre-judgment and-post-judgment interest, and any such other relief as this Court deems proper.

Date: March 13, 2023

Respectfully Submitted,

*/s/* Antonio D. Dowels
**Antonio D. Dowels, Esq.**
Florida Bar No.: 1003436

10

adthompsonlegal@gmail.com
**James M. Thompson, Esq.**
Florida Bar No.: 0861080
jmthompsonlegal@gmail.com
THOMPSON LEGAL CENTER, LLC
777 S. Harbour Island Blvd., Ste. 245
Tampa, Florida 33602
(813) 769-3900 ▪ (813) 425-3999 Fax
Counselors for the Plaintiff